United States District Court
Northern District of Illinois
Eastern Division

**RECEIVED**
MAR 2 6 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Ron Haddad Junior

VS.

Dominican University,
Sallie Mae Servicing,
and Mark Sure

07CV1663
JUDGE LINDBERG
MAGISTRATE JUDGE NOLAN

COMPLAINT

I Ron Haddad Junior, file to sue Dominican University and Sallie Mae for violations of The Higher Education Act, Deceptive Practices, Wanton Negligence and Predatory Lending. This case arises from case 06 CV 00506 from Judge Kendalls' Court. I sue Mark Sure for trying to deceive me into withdrawing my 06 CV 00506 suit through illegal post-Deposition communication with my father and additionally sue Sallie Mae for (with Sure) intentionally concealing from me and Court, actions and intent to commit actions with I.S.A.C. specifically meant to cause me emotional and financial Distress while 06 CV 00506 was ongoing and described in greater detail at the end of page 2. The total damage I seek is $100,000.00. My filing of 07 CV 1546 in Judge Kendalls' Court was a flawed attempt to re-activate this case in a new Court, that I accidentally put back into Judge Kendalls' Court by citing "Refile of a previously dismissed case" when I should have cited this as a new case in section VIII of the Civil Cover Sheet. I support my basis for this being a new case based on all I detail below and that I did not sue Mark Sure in 06 CV 00506.

Judge Kendall forgets to mention in her Dominican ruling, that I never was afforded the chance to defend my self in the Dominican suit against me as she says I never mad The Higher Education Act part of my Defense in that case. Service was effected on my father in that case which I was never made aware of until I found the documents much later, which that Cook County Judge ruled expired my Defense-ability by statute of limitations, despite that Judge, Gillespie, empathizing with me about the fact I raised of my father have direct and almost all communication with Defendants here, that caused me to targeted as the debtor since my father had me sign documents he promised to take care of in sending me to school.

Judge Kendall says I cannot prove I was falsely certified. The Higher Education Act requires the prospective student undergo direct inquiry and investigation which Defendants wantonly failed to do as they had almost 100% exclusive communication with my father about how my life and my future are to be effected and I in listening to my father, merely communicated with them as per-family arrangement. I was never let in the big picture of what I faced or where I stood by my father or Defendants required by law to let me in on what I really face if I sign as the debtor (regardless of talk with my father) and further ask me if I want to proceed down such a risky path that impacts me, regardless of my father and what my financial capabilities and future plans are in case my fathers' oral promises fall short and debt I sign for (except for 2 forms) falls on me. In spite of The Higher Education Act, Defendants communicated next to nothing with me and almost everything about me and my future, with my father.

Local Rule 56.1 requires that statements of facts with summary judgment motions have allegations of material fact that are supported by admissible record evidence. Judge Kendal includes this rule in her ruling and forgets to include that I included tape-recorded evidence to support my claims along with forms signed by me that were filled out by my father and two forms signed by my father in my name, also not mentioned. Those documents filled out by my father, signed by me, are basic information about me that no one else has excuse to fill out since the forms ask my age, name, and so forth, as my father filled out and then told me to sign in saying he would deal with the loans and I only need to worry about school.

Judge Kendall uses lack of material fact for my case to proceed when such fact does exist in the form of tapes I submitted to support my claims of Defendants violating The Higher Education Act in having the least amount of communication of inquiry with me and having the most possible with my father as is further proven by two documents signed by my father in my name-also in Deposition and my filings and left out of Judge Kendalls' Ruling where Defendants were satisfied with putting me in debt under such precarious and dishonest circumstances

Christine Donallys' Deposition was also allowed into evidence in spite of that being brought in by Sallie Mae after Discovery was cut off. Judge Kendalls' ruling is based in part on that Deposition against me made by Christine Donally.

Sallie Mae lawyer Mark Sure said in my Deposition that he would make this case into something else to his liking in spite of me and Judge Kendall as Sures' response to failing in trying to trip me up verbally in the end of Deposition where my knowledge of and Judge Kendalls' interpretation of The Higher Education Act is mentioned. Shortly after that, Sallie Mae entered Default with I.S.A.C. AND INTENTIONALLY hid that from This Court by not informing This Court or asking Permission which include notifying me, before taking such action. This was done to me to try and make me wreck my own case in a panic by either suing or paying I.S.A.C. and that is why Sure and his client did this with I.S.A.C. in completely alienating This Court during on-going litigation involving me. I.S.A.C. has since threatened to garnish wages of any paychecks or salary I get and again, this was done to me by Sure and Sallie Mae while my case was on going and also done to intentionally cause me additional emotional grief and financial hardship. I sue Sallie Mae and Mark Sure for the I.S.A.C. actions.

I resume my suing of Dominican University and Sallie Mae each for $150,000.00 and my transcripts from Dominican and I now move to sue Mark Sure for the above-described act involving I.S.A.C. where I now seek $50,000.00 from Mark Sure and $50,000.00 more from Sallie Mae as I sue Sallie Mae for this I.S.A.C. action as well. I have I.S.A.C. evidence of my claims that Sallie Mae sought and got a Default from I.S.A.C. to make I.S.A.C. pursue me and it was initiated and acted on in total concealment from me (plaintiff) and in total concealment from Court while 06 CV 00506 was ongoing. The above-described act of I.S.A.C. is Mark Sure making good on his threat (taped by Judge Kendalls' Court-Reporter) of turning this case in Judge Kendalls' Court into a case of Sures' own making in spite of Court because Sure wants to and thinks he can. I also plead for an Injunction on I.S.A.C. for the circumstances I describe here.

Sincerely, *[signature]*
Ron Haddad Junior
126 Park Ave.
River Forest, Illinois,
60305

DATE: March, 24th 2007